UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 18-58335-JWC |
| | : | |
| KENNETH PAUL WELLINGTON, | : | CHAPTER 7 |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S MOTION FOR AUTHORITY TO PAY ADMINISTRATIVE EXPENSES OF CHAPTER 7 ESTATE AND DEBTOR'S CLAIMED EXEMPTION**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate of Kenneth Paul Wellington ("**Debtor**"), by and through undersigned counsel, and files *Trustee's Motion for Authority to Pay Administrative Expenses of Chapter 7 Estate and Debtor's Claimed Exemption* (the "**Motion**"). In support of his Motion, Trustee respectfully shows as follows:

**Jurisdiction and Venue**

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background Facts**

2.

On May 17, 2018 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code. Trustee was thereafter appointed the Chapter 7 trustee for Debtor's bankruptcy estate.

16417703v1

3.

At the commencement of the bankruptcy case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the bankruptcy case and any interest in property that the estate acquires after commencement of the bankruptcy case. 11 U.S.C. § 541(a)(1) and (7) (2018). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2018).

4.

Debtor filed this bankruptcy case as a no-asset case. [Doc. No. 1 at Page 6 of 54].

5.

The meeting of creditors in this matter was held and concluded on June 19, 2018, pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**").  At the 341 Meeting, Debtor testified that: (a) he was one of the founders of Synovos f/k/a Store Room Solutions, Inc. ("**Synovos**"); (b) Synovos's corporate headquarters are located in Radnor, Pennsylvania; and (c) Debtor holds 125,000.00 shares of Synovos (the "**Shares**"), which is allegedly about 1% of the outstanding shares of the company.

6.

Debtor scheduled his interest in the Shares with a value of $1,250.00.  [Doc. No. 1 at page 17 of 54].   Debtor scheduled a $1,250.00 exemption in the Shares under O.C.G.A. § 44-13-100(a)(6) (the "**Exemption**").  *Id* at page 22 of 54.

7.

Through an investigation of Debtor's financial affairs, Trustee discovered that Debtor actually owned 125,654.00 Shares in Synovos.

16417703v1

8.

On or about January 12, 2021, Synovos was acquired by another entity. The underlying merger agreement provided that all outstanding shares in Synovos would be converted to cash or otherwise become non-transferrable, and thus worthless. Trustee has converted the Shares into cash, in accordance with the terms of the merger agreement, in the amount of $1,275,405.27 (the "**Conversion**"), which funds Trustee received on March 22, 2021.

9.

As a result of the Conversion, the Bankruptcy Estate has incurred income tax expenses owed to the Internal Revenue Service in the amount of $264,700.00 and to the Georgia Department of Revenue in the amount of $62,500.00.

10.

The claims bar date in this case was October 1, 2018 for non-governmental entities and November 13, 2018 for governmental entities. The total of the timely filed, non-priority, general unsecured claims is $48,002.08. As a result, after payment of all outstanding administrative expense and other allowed claims, Trustee anticipates making a very large surplus distribution to Debtor.

**Relief Requested and Basis for Same**

11.

Trustee requests authority to pay the outstanding administrative expense claims to the Internal Revenue Service and the Georgia Department of Revenue in the amounts of $264,700.00 and $62,500.00, respectively.[1]

---

[1] The amounts requested in this Motion include one-month of penalties, because Trustee will not receive authority to pay the outstanding tax obligations by the April 15, 2021 deadline.

16417703v1

12.

Trustee requests authority to pay Debtor his Exemption in the amount of $1,250.00.

13.

There are sufficient funds in the Bankruptcy Estate with which to make the foregoing tax obligation payments, and such tax obligation payments are proper administrative expenses of the Bankruptcy Estate.

WHEREFORE, Trustee requests that the Court grant this Motion and authorize Trustee to pay the above-described administrative expense claims and to pay Debtor his Exemption.

Respectfully submitted this 9th day of April, 2021.

|  |  |
|---|---|
|  | ARNALL GOLDEN GREGORY LLP |
|  | *Attorneys for Chapter 7 Trustee* |
|  |  |
|  | By:*/s/ Michael J. Bargar* |
| 171 17th Street, NW, Suite 2100 | Michael J. Bargar |
| Atlanta, Georgia 30363 | Georgia Bar No. 645709 |
| Phone: (404) 873-8500 | michael.bargar@agg.com |

16417703v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served true and correct copies of the foregoing *Trustee's Motion for Authority to Pay Administrative Expenses of Chapter 7 Estate and Debtor's Claimed Exemption* by delivering copies of the same via United States first class mail, postage prepaid, to the following persons or entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Kenneth Paul Wellington
1304 Meadows Drive
Birmingham, AL 35235

Eric E. Thorstenberg
Eric E. Thorstenberg, Attorney at Law,
Suite 101
333 Sandy Springs Circle
Atlanta, GA 30328

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This 9th day of April, 2021.

*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709

16417703v1